UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

MICHAEL DROGOSZ,                )
                                )
        Petitioner,              )
                                )
    v.                           )   CIVIL NO. 3:13cv671
                                )
SUPERINTENDENT                   )
Indiana State Prison,            )
                                )
        Respondent.              )

## OPINION AND ORDER

This matter is before the court on an amended petition for habeas corpus pursuant to 28 U.S.C. § 2254, filed by the petitioner, Michael Drogosz ("Drogosz"), on August 28, 2013. The respondent, Superintendent of the Indiana State Prison ("Superintendent"), filed his response to order to show cause on December 18, 2013. On November 12, 2014, Drogosz filed traverse a to the response. On this same date, Drogosz filed a motion to file amended complaint.

For the following reasons, both motions will be denied.

## Discussion

Drogosz is in the custody of Respondent at the Indiana State Prison serving out his sentences imposed for 2010 convictions for attempted murder and conspiracy to commit robbery with a projected release date of May 29, 2045. He brings the current action pursuant to 28 U.S.C. § 2254 challenging a July 2012 prison disciplinary conviction for attempting to engage in trafficking, which resulted in a loss of privileges, specifically, thirty days of access to the commissary, as well as 120 days disciplinary segregation and a deprivation of 120 days of credit time.

On July 18, 2012, Robert Hough of the Internal Affairs Division of the Indiana

Department of Correction wrote a conduct report in case number 12-07-0262 charging Drogosz with attempting to engage in trafficking. Specifically, on July 18, 2012, it was discovered that Drogosz's father had sent a J-Pay letter to Drogosz, along with a coded message to allow Drogosz to access a J-Pay account. It was determined that numbers in the J-Pay letter were to a Green Dot prepaid debit card. When interviewed, Drogosz acknowledged that he and his father had worked this out and that he was expecting the numbers.

On the same date, the Internal Affairs Division within the Indiana Department of Correction initiated an investigation into the incident. On July 24, 2012, Drogosz was interviewed by the Department's Internal Affairs Division in connection with the incident.

On August 2, 2012, Drogosz was notified of the charge and served with the screening report. This report notified Drogosz of his rights, and he pled not guilty. Drogosz requested assistance with his case from a lay advocate. He indicated he did not wish to call any witnesses, but requested access to the recorded interview that the Internal Affairs Division conducted. Drogosz did not waive his right to twenty-four hour prior notice of the hearing in his case. The hearing was to be held, at the earliest, on August 6, 2012.

On August 7, 2012, a hearing officer conducted a disciplinary hearing and found Drogosz guilty of the charge of attempted trafficking. During the hearing, Drogosz claimed that he never admitted guilt during the July 24, 2012 interview. He also stated that English is not his first language and he was not informed during the interview that he was being recorded.

Drogosz's request for access to the recorded interview was denied. The hearing officer found, however, that the confidential report supported the conduct report and, ultimately, the charge of attempted trafficking. The hearing officer relied upon staff reports, Drogosz's

statement, and the confidential report. Determining that above-referenced evidence supported the charge and the conduct report, the hearing officer found Drogosz guilty of the charge of attempted trafficking. Based upon the recommendation of the hearing officer, the following sanctions were imposed: thirty days of access to the commissary; 120 days disciplinary segregation; and a deprivation of 120 days of credit time.

Drogosz appealed the imposition of these sanctions to the facility head, who denied the appeal. The final reviewing authority within the Indiana Department of Correction denied Drogosz's appeal as well. Drogosz then filed the present petition.

Writs may issue 28 U.S.C. § 2254 for violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The five safeguards to which an offender is entitled when prison disciplinary proceedings result in a lengthened period of imprisonment can be summarized as follows: (a) Written notice of the charges at least 24 hours before the hearing; (b) The opportunity to be heard before an impartial decision maker; (c) The opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; (d) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and (e) "Some evidence" to support the decision of the board. *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

Drogosz makes the following allegations in his Petition: 1) he was denied due process because an Internal Affairs officer's interview of Drogosz surrounding the conduct that gave rise

to this case was recorded[1] without his knowledge or consent; 2) the recording of the conversation implicated a violation under the Fifth Amendment to the U.S. Constitution; 3) the submission of or reliance upon the report of investigation of incident violated due process because he never admitted he was guilty of the charge; 4) the hearing officer in his proceeding was not impartial; 5) due process was violated because exculpatory evidence was not considered; 6) he was not given the written summary of the recorded interview in violation of Indiana Department of Correction policy; 7) Indiana Department of Correction staff, including Drogosz's lay advocate, violated Department policy; 8) the conditions in segregation were "a far departure from the normal environment any person should endure"; 9) he was not given access to the courts; 10) his interaction with library staff was in violation of the U.S. Constitution and Department policy; and 11) he was denied access to library materials.

Several of Drogosz's claims may be quickly denied for failing to raise the claims before the Department of Corrections (and also for challenging the Department of Correction's policies). Drogosz admits that he failed to raise his first, second, eighth, and eleventh grounds for habeas relief before the facility and Department, but claims that he could not have done so because he was unaware of such claims at the time he filed his appeals. Procedural default may be excused under certain circumstances, but no such circumstances are present here. *See, e.g., Weddington v. Zatecky*, 721 F.3d 456, 465-66 (7th Cir. 2013) (*citing* and *quoting Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("[A] person is plainly 'prevented from filing a pleading for some period of time if he is deprived of the sole copy of that pleading'")). Drogosz

---

[1] On September 15, 2014, this court received a letter from Drogosz in which he questioned whether the recording was a video recording or an audio recording. The recording is a video recording.

has not shown cause to excuse his failure to raise these issues, and he cannot rely on his belated rationale that he lacked legal materials to allow him to raise the challenges at the administrative levels. *See Henderson v. Cohn*, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (discussing the procedural requirement to raise a claim at the state level and stating that the "failure to act or think like a lawyer cannot be cause for failing to assert a claim") (internal citations omitted)). Additionally, several of Drogosz's allegations claim violations of state policies. These arguments are inappropriate in a habeas petition. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997).

Drogosz makes several broad-based due process claims. While prisoners have due process rights (*Wolff*, 418 U.S. at 555-56), these rights are restricted to allow prison officials to serve correctional goals and to maintain the safety of all prisoners and staff. *See id*. at 556, 94 S.Ct. 2963; *Rowe v. DeBruyn*, 17 F.3d 1047, 1049 (7th Cir.1994). The applicable guarantees were met here. Drogosz received written notice of the charges, was informed of his rights, and was entitled to request witnesses and physical evidence. *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 563-567. He received written notice of the charges at least twenty-four hours before the hearing and had the opportunity to be heard before an impartial decision maker. The hearing officer provided a written statement showing the reasons for the disciplinary action. Drogosz had the right to appeal the disciplinary sanctions. For these reasons, due process was satisfied, and Drogosz's claims regarding access to the courts and to library materials must fail because he cannot show how he was injured or prejudiced.

Drogosz's claims that officials were required to obtain his consent to record his interview and that exculpatory evidence was disregarded also fail because the applicable due process

requirements were satisfied. With respect to Drogosz's complaints surrounding the interview, the court reviewed the video recording and he appeared to know that the interview was recorded. With respect to the exculpatory evidence issue, while procedural due process requires prison disciplinary officials to disclose material exculpatory evidence to a charged offender (*Piggie v. Cotton,* 344 F.3d 674, 678 (7th Cir. 2003)), prison officials need not provide duplicative evidence. *Forbes v. Trigg,* 976 F.2d 308, 318 (7th Cir.1992). Drogosz claims that the recorded interview constituted exculpatory evidence, but he was given information concerning the contents of the recording of the interview, and that document does not show that either the recording or the Internal Affairs report contained exculpatory evidence. Further, and as discussed more fully below, prison officials are not required to give prisoners access to evidence that could threaten institutional safety or correctional goals. *Piggie,* 344 F.3d at 677 (citing *Wolff,* 418 U.S. at 566).

Drogosz next argues that the recording of the interview violated the Fifth Amendment to the U.S. Constitution. The Fifth Amendment "requires that '[n]o person . . . shall be compelled *in any criminal case* to be a *witness* against himself." *Chavez v. Martinez*, 538 U.S. 760, 766 (2003) (emphasis in original). Compelled statements may not be used against a defendant at trial, but it is not until use of such statements in a criminal case that a violation occurs. *Id.* Because the CAB hearing was not a criminal proceeding, Drogosz's claim in this regard is without merit.

Drogosz's claim that he was deprived of access to evidence in the form of the interview recording also lacks merit. It is well settled that correctional facility officials are within their authority – and are, in fact, directed – to withhold from offenders confidential information because the release of such information could compromise institutional safety or correctional goals. *See Wolff*, 418 U.S. at 555-56. Certain requirements must be met when confidential

information is used against an offender (*see McCollum v. Williford*, 793 F.2d 903, 906-08 (7th Cir. 1986); *Mendoza v. Miller*, 779 F.2d 12187, 1293 (7th Cir. 1985)); however, the charge against Drogosz and evidence underpinning it (the discovery of the J-Pay letter) were not confidential, and some of the information contained in the confidential report was noted in a document provided to Drogosz.

Drogosz also complains that the hearing officer in his case did not act impartially. One of the procedural due process rights afforded to offenders during a disciplinary hearing is the right to be heard before an impartial decision maker. *Wolff,* 418 U.S. at 563-67. However, due process would require recusal of a decision maker only where that individual has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). This was not the case with regard to Drogosz (*see* Respondent Exhibits A1 and C1), and in any event, there is no evidence of a lack of impartiality.

To the extent Drogosz argues that his segregation violated his Eighth Amendment rights his claim fails. There is no evidence that Drogosz suffered in any way as a result of the segregation or that he was sanctioned excessively. Therefore, he cannot pursue an Eighth Amendment claim. *See, e.g.*, *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005) (a prisoner "cannot, in short, be permitted to engineer an Eighth Amendment violation.") (*citing Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001)). Thus, this court finds that none of Drogosz's arguments provide a basis for a writ of habeas corpus.

To the extent Drogosz challenges the sufficiency of the evidence used in his disciplinary hearing that challenge is without merit. So long as there is some evidence that Drogosz attempted

to engage in trafficking, and that he received necessary due process, the finding of guilt and imposition of sanctions should not be disturbed. *See McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999) (holding that an offender is not entitled to habeas relief so long as offender receives due process and there is some evidence of guilt). As discussed above, Drogosz received all the process to which he was entitled. And as set forth below, the evidence used to support the charge of and conviction for attempted trafficking met the requisite standard.

The standard necessary for a disciplinary board to find an offender guilty is "some evidence." *Hill*, 472 U.S. at 454. "Some evidence" is defined as "whether there is any evidence in the record to support the disciplinary board's conclusion." *Id.* at 455. The standard of some evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), *citing Hill,* 472 U.S. at 457, and *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989).

Determining whether the constitutional standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Hill,* 472 U.S. at 455-56.

It is clear that the record in this case contains at least "some evidence" to support the hearing officer's finding that Drogosz was guilty of attempted trafficking. A conduct report

8

alone may provide "some evidence" of guilt. *McPherson,* 188 F.3d at 786. A prison disciplinary conviction for attempted trafficking involves an attempt to engage in trafficking as defined in Ind. Code § 35-44.1-3 with anyone who is not an offender residing in the same facility. Under Ind. Code § 35-44.1-3-5(b), version a,

> (b) Except as provided in subsection (d) [which is not relevant here], a person who, without the prior authorization of the person in charge of a penal facility or juvenile facility knowingly or intentionally: (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility; commits trafficking with an inmate, a Class A misdemeanor.

In the present case, the conduct report shows that during Officer Robert Hough's interactions with Drogosz, it was shown that Drogosz obtained from his father materials that would allow him to obtain an item he is not permitted to have in the correctional facility (*i.e.*, money outside any prison account). Moreover, evidence in the form of the report of investigation of incident form showed that Drogosz planned with his father to obtain a pre-paid debit card. Accordingly, the charge of trafficking was supported by the conduct report and the investigative materials upon which the hearing officer relied. Clearly, the evidence was sufficient to find Drogosz guilty of attempted trafficking. Therefore, his petition will be denied in its entirety.

A review of Drogosz's proposed amended complaint reveals that Drogosz has failed to add anything to his proposed complaint that would cure the myriad defects in his original petition. Thus the motion for leave to file will be denied.

## Conclusion

On the basis of the foregoing, Drogosz's amended petition for writ of habeas corpus [DE 4] is hereby DENIED. Further, Drogosz's motion for leave to file amended complaint [DE 30] is

also hereby DENIED.

Entered: January 29, 2014.

                                                    s/ William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court